**F I L E D**

## UNITED STATES COURT OF APPEALS

**DEC 21 1999**

### TENTH CIRCUIT

JEAN DENNY, Class action for
Motorhome Owners in Sandia Heights,
Unit 3,

      Plaintiff-Appellant,

v.

SANDIA HEIGHTS HOMEOWNERS
ASSOCIATION; COUNTY OF
BERNALILLO; COUNTY OF SANTA
FE; STATE OF NEW MEXICO;
SUSAN CARLOW, Covenant
Committee member; TED BACA,
Honorable,

      Defendants-Appellees.

No. 99-2253
(D.C. No. CIV-99-310-DJS)
(New Mexico)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Chief Judge, **BALDOCK** and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cause is

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, or collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

therefore ordered submitted without oral argument.

Jean Denny brought this pro se civil rights action against the Sandia Heights Homeowners Association, an individual member of that association, Bernalillo and Santa Fe Counties, and the New Mexico Court of Appeals alleging civil rights violations arising from a civil action brought against her in state court. In the state proceeding, the state district court found that Ms. Denny's motor home was in violation of restrictive covenants covering her subdivision and permanently enjoined her from parking the motor home on her property. The decision was affirmed by the state Court of Appeals. In this federal action, Ms. Denny asserts that the state suit against her was illegal on several grounds, as well as a denial of equal protection and due process.

Upon consent of the parties, the matter was heard by a magistrate judge, who dismissed the action for lack of subject matter jurisdiction under the Rooker-Feldman doctrine. We review *de novo* a dismissal for lack of subject matter jurisdiction. *See U.S. West Inc. v. Tristani*, 182 F.3d 1202, 1206 (10th Cir. 1999). We have carefully reviewed the record and the reasoning and authorities relied on by the magistrate judge. We affirm substantially on the grounds set forth in the memorandum opinion and order dismissing the action.

**AFFIRMED.**

ENTERED FOR THE COURT
Stephanie K. Seymour
Chief Judge